**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
**DANIEL SZAROLETA,**

                  **Plaintiff,**             **07 Civ. 7639 (DLC)**

      -against-

**METRO-NORTH COMMUTER RAILROAD,**

                 **Defendant.**
--------------------------------------------------------X

## <u>PLAINTIFF'S REQUEST TO CHARGE</u>

Law Offices of Michael Flynn, PC
Attorneys for Plaintiff
1205 Franklin Avenue
Garden City, NY 11530
(516) 877-1234

Request to Charge 1


## Introduction


The plaintiff, Daniel Szaroleta, brings this action against the defendant Metro-North Commuter Railroad under the Federal Employers Liability Act or FELA. That act provides in substance that every railroad engaged in interstate commerce shall be liable in damages for injuries to its employees resulting in whole or in part from the negligence of any of its officers, agents or employees or from any defect or deficiency, due to its negligence, in its cars, machinery, track, roadbed or work areas.


_____


Modern Federal Jury Instructions, §89.02
Instruction 89-1
45 U.S.C. Section 51.

<u>Request to Charge 2</u>

Elements

In order to find defendant liable to plaintiff, under the FELA statute, you must find by a preponderance of the evidence:

First, that defendant is a railroad engaged in interstate commerce;

Second, that plaintiff was an employee of the defendant in interstate commerce, acting in the course of his employment;

Third, that defendant or one of its employees or agents was negligent; and

Fourth, that such negligence played any part, no matter how slight, in bringing about an injury to plaintiff.

Only then should you reach the question of damages, which I will discuss later.

———————————————

Modern Federal Jury Instructions, §89.02
Instruction 89-2
45 U.S.C. Section 51.
Devitt & Blackmore, §94.12
Rogers v. Missouri Pacific R. Co., 352 U. S. 500 (1957)

<u>Request to Charge 3</u>

## Stipulated Elements

In this case, the parties agree that the first two elements exist. Therefore, you must consider them proven already. You need only concern yourself with the third and fourth elements.

Request to Charge 4

Negligence

The third element is whether defendant or its employees or agents were negligent.

The fact that plaintiff was injured during his employment does not automatically entitle him to recover from his employer.  Plaintiff can only recover from defendant if negligence and the other elements I will describe are established by a preponderance of the evidence.

Modern Federal Jury Instructions, §89.02
Instruction 89-8                           _____

Request to Charge 5

Negligence Defined

Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation. It can be the doing of something which a reasonably prudent person would not have done or failing to do something which a reasonably prudent person would have done under the circumstances.

Modern Federal Jury Instructions, §89.02
Instruction 89-9                                   _____

United States Supreme Court: Gallick v. Baltimore & O.R. Co., 372 U.S. 108, 118, 83 S. Ct. 659, 9 L. Ed. 2d 618 (1963); Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 67, 63 S. Ct. 444, 87 L. Ed. 610 (1943).

Request to Charge 6


### Duty To Guard Against Foreseeable Risks


       This definition of negligence requires defendant to guard against those risks or dangers of which it knew or by the exercise of due care should have known.  In other words, defendant's duty is measured by what a reasonably prudent person would anticipate or foresee resulting from particular circumstances.


_____


Modern Federal Jury Instructions, §89.02
Instruction 89-10

       United States Supreme Court:  Gallick v. Baltimore O.R. Co., 372 U.S. 108, 117-18, 83 S. Ct. 659, 9 L. Ed. 2d 618 (1963); Urie v. Thompson, 337 U.S. 163, 178, 69 S. Ct. 1018, 95 L. Ed. 1282 (1949).

       Second Circuit:  Hartel v. Long Island R. Co., 476 F.2d 462, 464 (2d Cir. 1973).

Request to Charge 7

## Corporation Can Act Only Through Agents

A corporation is in law a person, but of course it cannot act otherwise than through its directors, or officers, or employees, or other agents.  The law therefore holds a corporation responsible for all unlawful acts of its directors, or officers, or employees, or other agents, provided such unlawful acts are done within the scope of their authority, as would usually be the case if done in the ordinary course of their employment, or in the ordinary course of the corporation's business.

<u>Request to Charge 8</u>

Foreseeability Considerations

How do you determine whether defendant knew or, through the exercise of reasonable care, should have known of the risk of a passenger coming into the cab?

First, you may consider any evidence presented concerning the actual knowledge of the railroad or its foreman or other agents.

Second, you may consider any evidence presented concerning whether the risk was brought to the attention of the railroad or its foreman or other agents, for example, through employees' statements, complaints or protests that a particular condition or assignment was dangerous.

Third, you may consider whether a reasonably prudent person would have performed inspections which would have brought the dangerous condition to defendant's attention or otherwise would have known of the condition.

If you find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against the risk based on such actual knowledge, statements, complaints or protests or reasonable inspection, and you find that defendant failed to take such reasonable precautions, then you may find that defendant was negligent.

Modern Federal Jury Instructions, §89.02
Instruction 89-11

<u>Request to Charge 9</u>

Standard Varies With Level of Risk

The degree of care required by the reasonable care standard varies with the level of risk.  The greater the risk of harm, the greater the required level of care.

_____

Modern Federal Jury Instructions, §89.02
Instruction 89-12

United States Supreme Court:  Urie v. Thompson, 337 U.S. 163, 179, 69 S. Ct. 1018, 93 L. Ed. 1282 (1949); Bailey v. Central Vermont Ry., 319 U.S. 350, 353, 63 S. Ct. 1062, 87 L. Ed. 1444 (1943); Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 67, 63 S. Ct. 444, L. Ed. 610 (1943).

Request to Charge 10


Duty To Provide Safe Place To Work


Thus, the Federal Employers' Liability Act imposed on defendant a duty to plaintiff, and to all its employees, to exercise reasonable care to provide him with a reasonably safe place in which to work, reasonably safe conditions in which to work and reasonably safe tools and equipment.


_____


Modern Federal Jury Instructions, §89.02
Instruction 89-13

United States Supreme Court:  Shenker v. Baltimore & Ohio Railroad Co., 374 U.S. 1, 7, 83 S. Ct. 1667, 10 L. Ed. 2d 709 (1963); Urie v. Thompson, 337 U.S. 163, 178 n.16, 69 S. Ct. 1018, 1028 n.16, 93 L. Ed. 1282 (1949); Bailey v. Central Vermont R. Co., 319 U.S. 350, 63 S. Ct. 1062, 87 L. Ed. 1444 (1943).

Second Circuit:  Crane v. Consolidated Rail Corporation, 731 F.2d 1042, 1048 (2d Cir.) cert. denied, 105 S. Ct. 179 (1984).

Third Circuit:  Carter v. Union Railroad Co., 438 F.2d 208 (3d Cir. 1971); Pehowic v. Erie Lackawana Railroad Co., 430 F.2d 697 (3d Cir. 1970).

Request to Charge 11

## Comparative Negligence

Now, assuming that you find by a preponderance of the evidence that defendant was negligent and that its negligence played a part in causing plaintiff's injuries; and assuming that you find that plaintiff was negligent and that his negligence played a part in causing his own injuries, you must then determine the percentage to which plaintiff's negligence, if any, contributed to his injuries. You will report this percentage on the special verdict form which I will discuss shortly, and then after you return your verdict, I will decrease the amount of damages you have found, if any, by the percentage by which you find his negligence contributed to his own injuries.

As I will remind you when I discuss damages in detail, if you reach the issue of damages, you should address the question of damages as a separate matter from the issue of contributory negligence.

_____

Modern Federal Jury Instructions, §89.02
Instruction 89-25

45 U.S.C. Section 53.

Request to Charge 12

Damages--Introduction


The fact that I charge you on the issue of damages does not mean that plaintiff is entitled to prevail--that is for you to decide.  I instruct you on this subject only in the event you decide that plaintiff has sustained his burden of proof as to the first four elements.

Modern Federal Jury Instructions, §89.02
Instruction 89-27

Request to Charge 13

Damages--Generally

The purpose of the FELA is to compensate an injured person for the damages sustained as a result of another's negligent conduct (or conduct in violation of an applicable safety statute).

Your award must be fair and just.

It should neither be excessive nor inadequate; it should be reasonable.

Modern Federal Jury Instructions, §89.02
Instruction 89-28

<u>Request to Charge 14</u>

Personal Injury Action


Under the FELA and the Safety Appliance Acts, the plaintiff, if he has sustained his burden of proof, may recover for:

1.     Loss of earnings from the time of the accident to the present, and in the future;

2.     Pain, suffering and mental anguish, including the effect of his injury on the normal pursuits and pleasures of life, experienced from the date of the accident to the present; and

3.     Pain, suffering and mental anguish, if any, as you may reasonably find he is likely to endure in the future as a result of his injury.

The plaintiff may also recover his out of pocket expenses, such as medical bills.



Modern Federal Jury Instructions, §89.02
Instruction 89-29

United States Supreme Court:  Chesapeake & O. Ry. v. Carnahan, 241 U.S. 241, 243-45, 36 S. Ct. 594, 60 L. Ed. 979 (1916).

Second Circuit:  Grunenthal v. Long Island R. Co., 388 F.2d 480, 484 (2d Cir.), rev'd on other grounds, 393 U.S. 156, 89 S. Ct. 331, 21 L. Ed. 2d 309 (1968).

Request to Charge 15


Permanent Injury--Future Pain and Suffering


If you find that any of plaintiff's injuries are permanent, you must make such allowance in your verdict as you think circumstances warrant, taking into consideration the period of time that has elapsed from the date of the injury to the present time, and the period of time plaintiff can be expected to live.  In this connection, it is pointed out to you that plaintiff is now 51 years of age and, according to the Mortality Tables, has a life expectancy of 28.3 years and a work expectancy of 12.0 years.  Such tables are, of course, nothing more than statistical averages and are not binding upon you, but may be considered by you together with your own experience and the evidence you have heard concerning the condition of plaintiff's health, his habits, employment and activities, in determining what the plaintiff's present life expectancy is.


Life Tables, Vital Statistics - 1978, U.S. Department of Health, Education & Welfare.

Table of Working Life:  Males, 1970, New York Pattern Jury Instructions.

Request to Charge 16

Future Lost Earnings--Introduction

In considering future lost earnings, it is assumed that if the injured party had not been disabled, he would have continued to work and to receive wages for some period of time. The purpose of this element of damages is to compensate the worker for the loss of that income. To determine the award for this element, if any, you must determine how many additional years plaintiff would have worked, as well as what his annual compensation would have been during each future year.

Regarding the number of years which plaintiff would have worked, I have advised you what life expectancy and work-life expectancy tables set forth. It is for you to determine, based on all of this evidence, how many additional years plaintiff would have worked.

Modern Federal Jury Instructions, §89.02
Instruction 89-32

Request to Charge 17

Lost Earnings--Computation

Regarding the annual compensation which plaintiff would have received in each future year, you must address several items, based on the evidence presented at this trial:

First, you must determine the amount of wages that would have been received in each year. Since the award, if any, is not subject to taxes, this amount should be an after-tax amount.

In determining the amount of such wages, you may start with the worker's annual wage at the time of injury. You then may consider the evidence presented and determine the extent to which plaintiff would have received raises due to years of service, merit, promotions, or general increases in the wages of workers. (You may not consider raises which might have resulted from price inflation during those years, either through cost-of-living increases or otherwise.)

Second, you may also consider fringe benefits, including insurance coverage, pension and retirement plans as compensation in each year.

You should calculate an amount of compensation for each future year, or any part thereof, during which the plaintiff would have worked had he not been disabled, as claimed.


Modern Federal Jury Instructions, §89.02
Instruction 89-33                                   _____

        United States Supreme Court: Jones & Loughlin Steel Corp. v. Pfeifer, 462 U.S. 523, 103 S. Ct. 2541, 76 L. Ed. 2d 768 (1983).

Request to Charge 18

Discounting to Present Value

Once you have determined the lost annual compensation, if any, for each future year, totaling those annual figures would give you the approximate amount of lost future wages. However, it is self-evident that a given sum of money in hand now is worth more than a like sum of money payable in the future in installments and over an extended period. A given sum of money now in hand may be invested and earn interest. Thus, if you make an award for lost future earnings, you must reduce each annual installment to its present value. This process is referred to as "discounting to present value."

_____

Modern Federal Jury Instructions, §89.02
Instruction 89-34

United States Supreme Court: Jones & Loughlin Steel Corp. v. Pfeifer, 462 U.S. 523, 103, S. Ct. 2541, 76 L. Ed. 2d 768 (1983); Chesapeake & O. Ry. Co. v. Kelley, 241 U.S. 485, 36 S. Ct. 630, 60 L. Ed. 1117 (1916).

<u>Request to Charge 19</u>

Discounting Methods

In discounting the amount of lost future wages, if any, to present value, you should use one of the two methods which I am about to describe to determine what discount rate to apply.  Those two methods are called the "total offset method" and the "real interest rate" method.

First, you must determine, based on the evidence at this trial, which method of discounting best reflects the pattern in plaintiff's line or work.  I will review how each of these methods works:

In the "total offset method," it is assumed that, while it is true that a given sum of money in hand today will earn interest, it is also assumed that general inflation and other factors will completely offset that interest.  Since I have already instructed you not to include wage increases due to general inflation in your computation of the amount of lost future wages, under this approach, you would not apply a discount rate.

In the "real interest rate" approach, it is assumed that the interest rate which could be earned on a given sum of money is partially offset by increases in wages due to general inflation, with the remaining interest rate representing the "real" rate of interest. Since I have already instructed you not to include wage increases due to general inflation, under this approach, you would apply a discount rate equal to the "real interest rate."  I charge

you that, if you use this method, a discount rate between one and three percent would be reasonable.

     Once you have determined the appropriate discount rate, if any, you should apply it to the lost annual income for each year separately.  The sum of all the annual figures, after discounting, equals the award for lost wages.

———————————

Modern Federal Jury Instructions, §89.02
Instruction 89-35

<u>Modern Federal Jury Instructions</u>, Vol. 4, Instruction 89-35, Sand, Siffert, Reiss, Sexton & Thorpe.

Request to Charge 20

Award Is Not Taxable

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.

_____

Modern Federal Jury Instructions, §89.02
Instruction 89-36

United States Supreme Court:  Norfolk and Western Ry. Company v. Liepelt, 444 U.S. 490, 100 S. Ct. 755, 62 L. Ed 2d 689 (1980).
Second Circuit:  Gretchen v. United States, 618 F.2d 177, 181 (2d Cir. 1980).

Request to Charge 21

Violation of Safety Appliance Act

The plaintiff also made a claim that the defendant violated the Locomotive

Boiler Inspection Act, part of the Safety Appliance Acts.  That Act was adopted to

protect the safety of railroad employees by imposing certain standards of maintenance

and equipment on railroads.

Modern Federal Jury Instructions, §89.02
Instruction 89-37

<u>Request to Charge 22</u>

Separate Standards


Some of the standards for recovery under this statute are different than the standards I have described under the FELA.  In your deliberations, you must address plaintiff's negligence claim under the FELA separately from his claim under the Boiler Inspection Act.  The negligence claim is governed by the rules I have already explained.  The claim under the Boiler Inspection Act is governed by the following rules.


_____


Modern Federal Jury Instructions, §89.02
Instruction 89-38

United States Supreme Court:  O'Donnell v. Elgin, J. & E. Ry. Co., 338 U.S. 384, 390-92, 70 S. Ct. 200, 94 L. Ed. 187 (1949).

<u>Request to Charge 23</u>

Absolute Duty

The statute in question provides:

Cab doors shall be equipped with a secure and operable latching device.

This statute places an absolute duty on the railroad to provide a secure and operable latching device on the door leading from the passenger area of the locomotive plaintiff was operating to the cab where he was operating the train from.

_____

Modern Federal Jury Instructions, §89.02
Instruction 89-39

45 U.S.C. §4.

49 C.F.R. § 229.119 (a)

<u>Request to Charge 24</u>

Particular Occasion

In determining whether the absolute duty imposed by the Boiler Inspection Act was violated, your inquiry should focus on the particular occasion in which a passenger cam through the cab door from the passenger compartment to the cab and caused an injury to plaintiff.  Whether the cab door was defective or functioned properly before or after the specific occurrence is not relevant.  The question is, did the cab door function properly on this occasion?

———————

Modern Federal Jury Instructions, §89.02
Instruction 89-40

United States Supreme Court:  Carter v. Atlanta & St. A. B. Ry. Co., 338 U.S. 430, 434, 70 S. Ct. 226, 94 L. Ed. 236 (1949).
Third Circuit:  Trout v. Pennsylvania R. Co., 300 F.2d 826, 828 (3d Cir. 1962).

<u>Request to Charge 25</u>

Negligence of Care Irrelevant

In connection with the alleged violation of the Boiler Inspection Act, you need not consider whether the railroad was negligent, whether the railroad exercised diligence or care, or whether the railroad knew of a defect in the equipment. These matters are not relevant to the claim that defendant violated the Boiler Inspection Act, since the Boiler Inspection Act imposes an absolute duty on the railroad for injuries caused in whole or part by violations of the Act.

———————————

Modern Federal Jury Instructions, §89.02
Instruction 89-41

      United States Supreme Court:  O'Donnell v. Elgin, J. & E. Ry. Co., 338 U.S. 384, 390-91, 394, 70 S. Ct. 200, 204, 206, 94 L. Ed. 187 (1949).
      First Circuit:  New York, N.H. & H.R. Co. v. Leary, 204 F.2d 461, 465 (1st Cir.) cert denied, 346 U.S. 856 (1953).
      Second Circuit:  Holfester v. Long I.R.Co., 360 F.2d 369, 372, 373 (2d Cir. 1966).

Request to Charge 26

Causation

If you find from a preponderance of the evidence that the defendant violated the absolute duty imposed by the Boiler Inspection Act as alleged by the plaintiff, then defendant is liable to plaintiff for any injuries which were brought about, in whole or part, from the violation.  This is the same standard of causation which I explained in regard to plaintiff's negligence claim:  Did the violation of the Boiler Inspection Act, if any, play any part in bringing about an injury to plaintiff?

_____

Modern Federal Jury Instructions, §89.02
Instruction 89-42

United States Supreme Court:  Carter v. Atlanta & St. A.B. Ry. Co., 338 U.S. 430, 434-35, 70 S. Ct. 226, 229, 94 L. Ed. 236 (1949); Coray v. Southern Pac. Co., 335 U.S. 520, 523-24, 69 S. Ct. 275, 277, 93 L. Ed. 208 (1949).
First Circuit:  New York, N.H. & H.R. Co. v. Leary, 204 F.2d 461, 467 (1st Cir. 1953).

<u>Request to Charge 27</u>

### Contributory Negligence Not a Factor

Finally, with regard to plaintiff's claim that a violation of the Boiler Inspection Act resulted in whole or part in his injury, you are not to consider whether plaintiff was negligent or whether any such negligence played a part in causing his injuries.  If you find that plaintiff has proved his allegations of violation of the Boiler Inspection Act which played a part in bringing about his injury by a preponderance of the evidence, your verdict should be for plaintiff, without regard to any contributory negligence on his part.

_____

Modern Federal Jury Instructions, §89.02
Instruction 89-43

45 U.S.C. Section 53.

DATED:  NASSAU, NEW YORK
                April     , 2008

Law Offices of Michael Flynn, PC
Attorneys for Plaintiff
1205 Franklin Avenue
Garden City, NY 11530
(516) 877-1234

By: _____
          MARC WIETZKE

TO:    Ioana Wenchell, Esq.
       Metro-North Commuter Railroad
       347 Madison Avenue
       New York, NY 10017