UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DANIEL SZAROLETA,                               :

        Plaintiff,                             :     **MEMORANDUM and ORDER**

      -against-                                     :     07 Civ. 7639 (KNF)

METRO-NORTH COMMUTER RAILROAD,   :

        Defendant.                            :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/30/08

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

    In the above-captioned action, the plaintiff has made a claim to recover damages, pursuant to the Federal Employers Liability Act, for an injury he alleges he suffered while employed as an engineer by the defendant railroad. The parties submitted their joint pretrial order to the Court which contains, <u>inter alia</u>, information required to be disclosed, pursuant to Fed. R. Civ. P. 26(a)(3). When the Court reviewed the document, it revealed that, at the trial of the action, the parties propose to obtain testimonial evidence from physicians. During a pretrial conference with the parties, they advised the Court that opinion evidence would be sought from the physicians identified in their joint pretrial order. As a consequence, and in accordance with Rule 104 of the Federal Rules of Evidence, the Court directed the parties, through an order, to submit to it "such information [] as will permit the court to fulfill the gatekeeping obligation imposed upon it by <u>Daubert v. Merrill Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 113 S. Ct. 2786 (1983)."

    The parties complied with the order, and the Court has reviewed their respective submissions. Based on those submissions, the Court has determined that the plaintiff will seek to

elicit opinion evidence, at the trial, from Jason D. Cohen, M.D., a board-certified orthopedic surgeon, who treated the plaintiff, and the defendant will seek to elicit opinion evidence from George L. Unis, M.D., a board-certified orthopedic surgeon whom the defendant engaged to examine the plaintiff.

Fed. R. Evid. 702 provides the following:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In Daubert, the Supreme Court explained that a federal trial court has a gatekeeping responsibility when opinion evidence is sought to be presented to a jury. The court must ensure that the testimony to be presented is based upon methods and procedures that are reliable; that is, based on "more than subjective belief or unsupported speculation." Daubert, 509 U.S. at 590, 113 S. Ct. at 2795. In determining whether opinion evidence should be received at a trial, a court must focus on the principles and methodologies employed by the witness(es) who will offer opinion testimony, instead of the conclusions that those principles and methodologies employed generate. See id., 509 U.S. at 595, 113 S. Ct. at 2797. "These requirements are not diminished merely because the [] witness is a 'treating physician' rather than an expert retained solely for the purposes of litigation." Munafo v. Metropolitan Transp. Auth., et al., No. 00-CV-0134, 2003 WL 21799913, at *18 (E.D.N.Y. Jan 22, 2003)(citing Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 270 [2d Cir. 2002]; Turner v. Iowa Fire Equip. Co., 229 F.3d 1202, 1207 [8th Cir. 2000]).

*Application to Jason D. Cohen, M.D.*

The submission made by the plaintiff, with respect to Dr. Cohen, describes his background, education and training as an orthopedic surgeon. Based on various medical reports generated through office visits the plaintiff had with Dr. Cohen, reports of diagnostic tests that were performed on the plaintiff and the report of a surgical procedure Dr. Cohen performed on the plaintiff, all of which comprise the plaintiff's submission to the Court, it is not clear to the Court what opinion(s), if any, Dr. Cohen is expected to present during direct examination, at the trial. This is so, in part, because no report was prepared by him, as contemplated by Fed. R. Civ. P. 26(a)(2)(B), owing to his status as a "treating physician." Thus, the Court is unable to fulfill its gatekeeping obligation with respect to the opinion testimony the plaintiff will seek to elicit from Dr. Cohen. To cure this problem, on or before July 7, 2008, the plaintiff shall supplement his previous submission by identifying: (a) the opinion(s) he expects to elicit from Dr. Cohen; and (b) the methods and procedures employed by Dr. Cohen to arrive at his opinion(s).

*Application to George L. Unis, M.D.*

The defendant submitted a copy of its "Supplemental Response to Plaintiff's Interrogatories," for the Court's review, in connection with: (1) the defendant's desire to elicit opinion evidence from Dr. Unis at the trial of the above-captioned action; and (2) the judicial gatekeeping obligation noted above. The defendant's submission does not contain all the information required by Fed. R. Civ. P. 26(a)(2)(B) to be provided by a witness from whom opinion testimony will be sought, at a trial, pursuant to the applicable provisions of the Federal Rules of Evidence. For example, the defendant's submission lacks information about: (a) testimony Dr. Unis has given previously, as an expert at trial or by deposition, during the four

years immediately preceding; and (b) a statement respecting the compensation Dr. Unis will receive for his testimony at the trial. In addition, the defendant's submission is not signed by Dr. Unis. Moreover, the Court is unable to discern, from the defendants's submission, exactly what opinion(s) the defendant will seek to have Dr. Unis impart to the jury, through his direct testimony, at the trial To remedy this situation, on or before July 7, 2008, the defendant must supplement its submission to the Court by indicating exactly what opinion(s) it will seek to elicit from Dr. Unis at the trial of this action. Armed with this information, the Court will then be able to fulfill the gatekeeping obligation imposed upon it by the Supreme Court in Daubert.

Dated: New York, New York  
       June 27, 2008

SO ORDERED:

_Kevin Nathaniel Fox_  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE