```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 07/21/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DANIEL SZAROLETA,

               Plaintiff,               07 Civ. 7639 (KNF)

   -against-                          **JOINT PRE-TRIAL ORDER**

METRO-NORTH COMMUTER RAILROAD,

               Defendant.
------------------------------------------------------------X

      Having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16, the parties adopt the following statements, directions and agreements as the Joint Pre-Trial Order herein:

      1)    **Trial Counsel**

For Plaintiff:      Marc Wietzke, Esq.
                          Law Offices of Michael Flynn, PC
                          1205 Franklin Avenue
                          Garden City, NY 11530
                          (516) 877-1234
                          F: (516) 877-1177

For Defendant:    José R. Rios, Esq.
                          Metro-North Commuter Railroad
                          347 Madison Avenue
                          New York, NY 10017
                          (212) 340-2537
                          F: (212) 697-9079

      2)    **Jurisdiction and Venue**

      This is an action for personal injuries under the Federal Employers' Liability Act, 45 USC Section 51 et seq.

      The jurisdiction of the Court is not disputed.

the Code of Federal Regulations. Furthermore, the Defendant contends that it provided the adequate number of employees on the train where the alleged incident occurred, and thus the train was adequately and properly staffed. Defendant could not have had any notice that this type of incident could occur and, specifically, did not have any notice that this incident would occur.

Plaintiff failed to comply with the Safety Rules and failed to report the incident in a timely fashion. Plaintiff also failed to mitigate his damages by seeking proper and timely medical aid.

4) **Type of Trial and Length of Trial**

Plaintiff demands trial by jury.

A. Plaintiff estimates that __2__ days will be needed to present plaintiff's case.

B. Defendant estimates that __2__ days will be needed to present defendant's case.

5) **Trial by Magistrate**

~~The parties have not consented to a trial by Magistrate.~~ KNF U.S.M.J.

6) **Undisputed Facts**

The parties stipulate that the following facts are not in dispute (each party reserving the right to object to the materiality of any such stipulated fact and its relevancy to the issues);

This action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

3) **Factual Contentions**

A) **Plaintiff's Contentions:**

Defendant failed to equip the sliding door of the engineers cab with a locking mechanism, in violation of the Code of Federal Regulations; failed to provide a locking door that would separate plaintiff from the riding public; failed to install a "no motion sensor"/interlock to the sliding door of the engineers cab; failed to adequately protect plaintiff from the general public while he was in the course of his duties; failed to staff the train with a sufficient number of trainmen to meet customer needs; ignored prior requests for assistant trainmen; failed to provide police on trains.

Plaintiff has been out of work since February 8, 2007, except for 3-4 weeks in December 2007. Plaintiff lost at least $9,785 per month in wages to date and will continue to lose that amount plus the value of contract-based raises (3% on average) for the balance of his regular work life at defendant.

Plaintiff will lose 5 weeks vacation, 4 personal days, 1 floating holiday and 12 sick days as a result of not working 100 days in the year 2007 and will continue to lose the same amount (or the financial equivalent) for ever year thereafter. Additionally, plaintiff lost pension contributions and will receive a reduced amount in pension payouts for both himself and his wife on his retirement as a result of a shortened career and a loss in the amount of vision and dental insurance.

B) **Defendant Contentions:**

The defendant contends that it was not negligent and that it provided the plaintiff with a safe place to work. The Defendant contends that the subject sliding door could not be locked according to Federal Regulations. The sliding door was in full compliance with

The defendant is a corporation is engaged in interstate commerce by rail and operate a railroad system and railroad yards within the jurisdiction of this Court and in various other States.

That prior to January 8, 2007, and at all times hereinafter mentioned, the defendant employed the plaintiff as an engineer.

7) **Witnesses**

The following witnesses may be called by the parties on their direct case:

The parties agreed that the witnesses whom each party now intends to call are those listed below. Should any party hereafter decide to call any additional witnesses, prompt notice of their identity shall be given to each party in writing setting forth the reason why said witness was not theretofore identified. No witnesses may be called at trial unless identified as above stated. Plaintiff and defendant reserve the right to call any of the witnesses listed by the opposing party.

A) **Plaintiff's Proposed Witnesses:**

**Daniel Szaroleta** – will testify in person as to the circumstances surrounding the type of work performed for the railroad, the injuries he sustained, etc.

**Beth Szaroleta** – will testify in person as to her personal observations of her husband and the circumstances surrounding the injuries he sustained, including its affect on their home life and finances

**Bob Malaspina** – will testify as to the circumstances of the incident in question

**Dan Sevin** – will testify as to the circumstances of the incident in question and his experience generally as a conductor for defendant

**Dr. Jason Cohen**, Professional Spine and Scoliosis Center, 776 Shrewsbury Avenue, Shrewsbury, NJ 07724 -- will testify as to the history obtained, treatment, prognosis and diagnosis

**Dr. Louis Abenante**, 2 Round Hill, Holmdel, NJ 07733 - -- will testify as to the history obtained, treatment, prognosis and diagnosis

**Dr. Nicolas DiProspero** at National Institute of Health, Dept. of Health & Human Services, 35 Convent Drive, Bethesda, MD 20892 -- will testify as to the history obtained, treatment, prognosis and diagnosis

**Dr. Nassar Ani**, One Bethany Road Hazlet, NJ 07730 – will testify as to the history obtained, treatment, prognosis and diagnosis

Witnesses necessary to lay a foundation.

*Plaintiff intends to call these witnesses at the time of trial.

Plaintiff objects to Mark Campbell or a person from Defendant's Safety Department being called as a witness. Mr. Campbell was referenced for the first time in the Joint Pre-Trial Order. He was not disclosed in a Rule 26 Automatic Disclosure or in answers to Interrogatories specifically targeted to the question of all persons with knowledge. Additionally, Mr. Campbell has not previously been designated an expert witness and has not issued a report per court rules. At least some of the proposed testimony by Mr. Campbell would require him to testify to opinions that require such a disclosure. Additionally, plaintiff objects to the designation of an as yet unnamed member of the safety department representative for the same reasons, but also because it is impermissible to designate a category of witness, as opposed to providing a specifically named witness.

B) **Defendant Proposed Witnesses:**

**Dave Schanoes** – will testify as to his knowledge regarding Plaintiff's incident.

**Bob Malaspina** – will testify as to his knowledge regarding Plaintiff's incident.

**Mark Campbell** or a person from Defendant's Safety Department – will testify as to Defendant's compliance with the Safety Rules and with the appropriate Federal Regulations.

**Dr. George L. Unis** – will testify as to his examination of the plaintiff, his review of records from Plaintiff's treating physicians and as to his opinion with respect to Plaintiff's condition and his conclusion as to the cause or causes of Plaintiff's condition.

8) **Depositions**

At trial the parties will offer the following deposition testimony.

A) **Plaintiff's Depositions**

None.

B) **Defendant Depositions**

None.

7) **EXHIBITS**

The exhibits that each party expects to offer at trial are as follows:

\* - **no party objects on grounds of authenticity**

\*\* - **no party object on any ground**

A) **Plaintiff's Exhibits**

1. \* MTA Metro-North Railroad Initial Report of Incident

2. * MTA Metro-North Railroad Incident Investigation Report

3. * MTA Metro-North Railroad Supervisor's Injury Report

4. * Income Tax returns with W-2s for 2001 through 2006

5. * Photographs of the defendant's engineer's cabs and other similar cabs

6. * Medical records from Dr. Jason Cohen, Professional Spine and Scoliosis Center, 776 Shrewsbury Avenue, Shrewsbury, NJ 07724

7. * Medical records from Dr. Louis Abenante, 2 Round Hill, Holmdel, NJ 07733

8. * Medical records from Dr. Cheunju Chen, Dr. Nicolas DiProspero at National Institute of Health, Dept. of Health & Human Services, 35 Convent Drive, Bethesda, MD 20892

9. * Medical records from Jersey Shore Associates, 733 N. Beer Street, Suite U3, Holmdel, NJ 07733

10. * Medical records from Middletown Medical Imaging, 1275 Route 35 North, Middletown, NJ 07748

11. * Metro-North Commuter Railroad's Medical Department file pertaining to Daniel Szaroleta

12. * Metro-North Commuter Railroad's Wage & Payroll file pertaining to Daniel Szaroleta

13. * Metro-North Commuter Railroad's Personnel file pertaining to Daniel Szaroleta

B) **Defendant Exhibits**

1. Defendant's Safety Rules.

2. Rules of the Operating Department.

3. The medical records generated by Plaintiff's treating physicians.

Defendant specifically objects to Plaintiff's Exhibits 1, 2, and 3 to the extent those documents contain hearsay information.

All parties reserve the right to offer into evidence any of the exhibits described above, and reserve the right to offer any of the exhibits listed by the other party and any exhibits required by way of rebuttal. All parties reserve the right to object to the introduction into evidence of the aforesaid exhibits on the grounds of materiality, relevancy, hearsay or failure to produce during discovery. Should any party hereafter decide to offer additional exhibits, prompt notice thereof shall be given in writing to the other party setting forth the reason why said exhibit was not theretofore identified. No exhibit may be offered at trial unless identified as above stated.

Copies of hospital records may be offered into evidence if authenticated by a letter or other certificate which purports to be that of the custodian of the records, who certifies that the copy is true and complete. More formal proof of the authenticity of the records is waived.

12) **Modification of Order**

To prevent manifest injustice or upon motion for good cause shown, at the trial or this action or prior thereto the Court may modify this Pre-Trial Order upon such conditions as the Court may deem just and proper.

IT IS ORDERED that the Court may in order to prevent manifest injustice or for good cause shown, at the trial of the action or prior thereto upon application of counsel for either party, made in good faith, or upon motion of the Court, modify this Pre-trial Order upon such conditions as the Court may deem just and proper.

       IT IS FURTHER ORDERED that requests for instructions shall be submitted to the trial Court at the commencement of the trial, but there is reserved to counsel for the respective parties the right to submit supplemental requests for instructions during the course of the trial or at the conclusion of the evidence on matters that cannot be reasonably anticipated.

CONSENTED TO:

Law Offices of Michael Flynn, PC

By: _____
MARC WIETZKE
Attorneys for Plaintiff
1205 Franklin Avenue
Garden City, NY 11530
(516) 877-1234


Richard K. Bernard, Esq.

By: _____
JOSE R. RIOS
Attorneys for Defendant
347 Madison Avenue
New York, NY 10017
(212) 340-2203

Dated: Nassau, New York

SO ORDERED: 7/18/08

_____
DENISE L. COTE
United States District Judge

**HON. KEVIN NATHANIEL FOX**
**United States Magistrate Judge**
**Southern District of New York**