**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**-------------------------------------------------------------X**
**DANIEL SZAROLETA,**

            **Plaintiff,**            07 Civ. 7639 (DLC)(KNF)

          -against-            **PLAINTIFF'S TRIAL MEMO**

**METRO-NORTH COMMUTER RAILROAD,**

            **Defendant.**
**-------------------------------------------------------------X**

## POINT I

THE COURT SHOULD RECEIVE SUPPLEMENTAL CHARGES PERTAINING TO FUTURE PAIN AND SUFFERING AND DISCOUNTING TO PRESENT VALUE

Following a charging conference on the morning of summations, the Court ruled that plaintiff was not permitted to seek damages pertaining to future pain and suffering because no proof of the methods of discounting to present value was entered in the record. During the conference, plaintiff argued that there was no requirement to place proof in the record on this point and that the charge could nonetheless be read to the jury as it related to alternative discounting methods and consequently that future pain and suffering should be recoverable. In light of the ruling, which preceded summations by only minutes, legal research was able to be made regarding discounting and future pain and suffering and loss of enjoyment of life.

The jury commenced deliberations at 3:40 p.m. on the sole point of pain and suffering from the date of injury to present. At 6:10 p.m. the jury suspended deliberations until the following day at 9:30 a.m. Plaintiff submits this memorandum in an effort to correct the charge and claims considered by the jury before the jury recommences deliberations and before a verdict is reached and the jury is discharged.

Now having the opportunity to obtain legal authority for the point argued earlier in the day, Plaintiff hereby advises the Court of the legal authority for the proposition that "where the parties have adduced no evidence relating to the discount rate . . . [the Second Circuit] has authorized district judges to use a discount rate of 2% per year." Ammar v. United States, 342 F.3d 133 (2d Cir. 2003) *citing* Ramirez v. New York City Off-Track Betting Corp., 112 F.3d 38, 41; Oliveri v. Delta S.S. Line, Inc., 849 F.2d 742 (2d. Cir. 1988); Doca v. Marina Mercante Nicaraguense, S.A., 634 F.2d 30, 39-40 (2d. Cir. 1980, cert. denied, 451 U.S. 971 (1981)  In Colon v. Howard et al., 215 F.3d 227 (2d Cir. 2000) the Second Circuit observed "facing the recurring issue of what discount rate should be used to calculate the present value of damage awards for future injuries, we adopted two percent as a standard to be used in the absence of evidence justifying a different rate."  This confirms that such evidence of a different rate is not required to put into evidence.

In Monessen Southwestern Railway Co. v. Morgan, 486 U.S. 330, the U.S. Supreme Court, in an FELA case found

> We do not mean to suggest that the judge in an FELA action is foreclosed from assisting the jury in its present value calculations. Indeed, because "`[t]he average accident trial should not be converted into a graduate seminar on economic forecasting,'" id., at 548 (quoting Doca v. Marina Mercante Nicaraguense, S. A., 634 F.2d 30, 39 (CA2 1980)), the judge has an obligation to prevent the trial proceedings on the  present value issue from becoming unnecessarily prolonged and the jury from becoming hopelessly mired in "difficult mathematical computation." It is therefore permissible for the judge to recommend to the jury one or more methods of calculating present value so long as the judge does not in effect pre-empt the jury's function.
>
> In the present case, however, the trial judge instructed the jury that a zero discount rate was to be applied as a matter of law to appellee's future damages. This instruction improperly took from the jury the essentially factual question of the appropriate rate at which to discount appellee's FELA award to present value, and therefore requires reversal.

In Nairn v. Nat'l Railroad Pass. Corp., 837 F.2d 565 (2d Cir. 1988) the Court vacated judgment and remanded for a new trial because the amount awarded to plaintiff by the jury was excessive as a matter of law, i.e. that is shocked the conscience. However, the Court also observed, without comment, that the plaintiff "did not offer expert testimony regarding the present value of his future lost earnings, nor did his counsel suggest any numbers to the jury. The jury was instructed to apply a 2% discount rate to its award." This was of no moment for the Court.

In Dechico v. Metro-North, 758 F.2d 856 (2d. Cir. 1985) the Court noted that the approach authorized by Doca v. Marina Mercante Nicaraguense, S.A., 634 F.2d 30 (2d. Cir. 1980) remained viable even after Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523 (1983). As noted in Dechico, "Doca authorized district courts to account for inflation by using an adjusted discount rate of 2% in present value calculations" and "also left parties free to present evidence on, or to stipulate to, alternative methodologies for taking inflation into account."

In Jones & Laughlin, neither party offered any expert testimony concerning predicted future rates of inflation, which could appropriately be used to discount future earning to present value, or the possible connection between inflation rates and interest rates. This point did not prohibit either the Third Circuit or the U.S. Supreme Court from determining a discount method and permitting an award for future losses. In fact, Jones & Laughlin left open the manner in which discounting could take place, either the real interest rate method or the total offset method. And the Court specifically noted that a trial court adopting the real interest rate approach should not be reversed if it adopts a rate between 1 and 3%.

However, Doca, *supra*, directly contemplates provision of a discount rate by the court where the parties elect not to offer any evidence on the subject of either inflation or present value

discount.  The proposed charge submitted by plaintiff on this point incorporates the real interest rate method and the total offset method and advises the jury of the 1% to 3% range set forth in <u>Jones & Laughlin</u>, which encompasses the 2% rate accepted in <u>Doca</u>.

While they may do so, the parties are not required to submit evidence as to the rates to be used.  The court may still charge the jury as noted above. Once that charge is given, there is no further impediment to a future pain and suffering claim.  Plaintiff continues to maintain that past and future lost wages are also permissible recoverable on the record in this case, and does not waive those arguments by submission of this memorandum relating to future pain and suffering.

In light of the foregoing, plaintiff requests that the jury receive an additional charge as to future pain and suffering and a charge as to discounting consistent with the above-cited cases, substantially in the format submitted in plaintiff's proposed charges.  Additionally, plaintiff requests that defendant and plaintiff provide supplemental closing arguments to address future pain and suffering and that the jury be provided a revised verdict form to permit an award for future pain and suffering.

DATED:  NASSAU, NEW YORK
        July 25, 2008

> LAW OFFICES OF MICHAEL FLYNN, PC
> Attorneys for Plaintiff
> 1205 Franklin Avenue
> Garden City, NY 11530
> (516) 877-1234
>
> By: _____
>      MARC WIETZKE

TO:   José Rios, Esq.
       Metro-North Commuter Railroad
       347 Madison Avenue, 9th Fl.
       New York, NY 10017