LEXSEE 12 F.3D 212

DON GIBBONS, Plaintiff-Appellant v. CSX TRANSPORTATION, INC., Defendant-Appellee.

No. 92-2045

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

12 F.3d 212; 1993 U.S. App. LEXIS 36798

November 30, 1993, Filed

**NOTICE:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** Reported as Unpublished Full-Text Opinion at: 1993 U.S. App. LEXIS 31425.

**OPINION**

Affirmed

11 of 77 DOCUMENTS

DON GIBBONS, Plaintiff-Appellant v. CSX TRANSPORTATION, INC., Defendant-Appellee.

No. 92-2045

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

1993 U.S. App. LEXIS 31425

November 30, 1993, Filed

**NOTICE:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 12 F.3d 212, 1993 U.S. App. LEXIS 36798.

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN. District No. 91-73318. Gilmore, District Judge.

**DISPOSITION:** Affirmed

**JUDGES:** BEFORE: JONES and SILER, Circuit Judges; and RUBIN, District Judge. *

* The Honorable Carl B. Rubin, District Judge for the Southern District of Ohio, sitting by designation.

**OPINION BY:** PER CURIAM

**OPINION**

PER CURIAM. Plaintiff Gibbons appeals the district court's grant of summary judgment to the defendant, CSX Transportation, Inc., in this action brought under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60.

I.

Plaintiff-Appellant Gibbons ("Plaintiff" or "Gibbons") is employed by Defendant-Appellee CSX Transportation, Inc. ("Defendant" or "CSX") in Dearborn, Michigan, as a trackman. In the course of his employment on June 19, 1990, Gibbons was asked by his supervisor, Mike Donohue, to [*2] deliver a load of railroad ties to a railroad crossing in Williamston, Michigan, some 80 to 90 miles from the Dearborn office. Gibbons made the trip alone in a company dump truck.

Upon arriving in Williamston, Gibbons, after radioing the local track crew for guidance, was instructed to leave the ties at the railroad crossing at Corwin Road. Gibbons dumped the ties at the crossing, exited the cab of the truck, and proceeded to the truck's rear to insure that the entire load had been deposited at the tracks. As Gibbons turned to return to the truck's cab he was approached by a man who demanded that Gibbons turn over his wallet. The two engaged in a struggle, ending up on the ground, with Gibbons on top. At this point a second man approached from behind the truck. Gibbons was stabbed twice in the shoulder. As Gibbons lay on the ground one of the men further assaulted him by kicking Gibbons in the knee and ribs. The two then fled with Gibbons' wallet. Gibbons crawled back to the cab of the truck and attempted to radio for assistance, but was unable to do so as the radio was not functioning properly.

On July 8, 1991 Gibbons filed a complaint in the district court for the Eastern District [*3] of Michigan against CSX Transportation, alleging a cause of action under the FELA. Plaintiff claimed that CSX was negligent in not providing him with a companion rider or a working radio on June 19, 1990, the day he was assaulted.

On June 1, 1992, CSX filed a motion for summary judgment; denying liability on the grounds that 1) the plaintiff failed to show the assault was reasonably foreseeable, 2) the plaintiff failed to show the causal connec-

tion between the broken radio and the assault, and 3) Gibbons admitted on the day of the assault that he had a safe place to work. The district court agreed, and granted summary judgment to the defendant. For the reasons stated herein, we AFFIRM.

II.

We review a grant of summary judgment *de novo*. In other words, we employ the same test as that used by the district court to determine whether a grant of summary judgment was appropriate. *Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 403 (6th Cir. 1992).

When reviewing the grant of summary judgment in FELA actions, appellate courts have been mindful of the legislature's intent in promulgating the Act. *See Rogers v. Missouri Pac. R.R. Co.,* 352 U.S. 500, 509, 1 L. Ed. 2d 493, 77 S. Ct. 443 (1957); [*4] *Green v. River Terminal Ry. Co.,* 763 F.2d 805, 806-07 (6th Cir. 1985). Passage of the FELA was intended to provide railroad workers with access to jury trials for injuries they suffered due to the negligence of their employers. *Rogers,* 352 U.S. at 509. Thus, under the FELA "the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Id.* at 506.

Moreover, "issues of negligence are ordinarily not susceptible of summary adjudication, but should be resolved by trial in the ordinary manner." *Daughenbaugh v. Bethlehem Steel Corp.,* 891 F.2d 1199, 1205 (6th Cir. 1989) (quoting *Rogers v. Peabody Coal Co.,* 342 F.2d 749, 751 (6th Cir. 1965)). To overturn the lower court's decision, therefore, we need only find that evidence exists to support a reasonable jury's conclusion that CSX's negligence played any role, no matter how slight, in the plaintiff's unfortunate assault. These liberal standards [*5] of review notwithstanding, we cannot conclude that the grant of summary judgment in the present case was inappropriate.

III.

The Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, provides in relevant part:

> Every common carrier by railroad while engaging in commerce between any of the several States or Territories . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its . . . equipment.

In this circuit, "to prevail on a FELA claim, a plaintiff must 'prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation.'" *Adams v. CSX Transp., Inc.,* 899 F.2d 536, 539 (6th Cir. 1990) (quoting *Robert v. Consol. Rail Corp.,* 832 F.2d 3, 6 (1st Cir. 1987)). This standard places the burden upon the plaintiff to show that his employer's negligence was a cause of his injury, and that [*6] this injury was sustained in the course of his employment for the railroad in promotion of the railroad's association with interstate commerce. *Green v. River Terminal Ry. Co.,* 763 F.2d 805, 808 (6th Cir. 1985). That the injury sustained by Gibbons was inflicted in the scope of his employment for the railroad is uncontested. Thus, in determining the propriety of the lower court's decision, this court need only consider whether CSX's acts or omissions could be said to play a role in negligently causing the plaintiff's injuries.

Plaintiff alleges that CSX negligently caused his injuries by 1) sending him on a long-distance delivery without a companion rider; and 2) by providing him with a non-functional radio on this same journey. In order for these acts to constitute negligence actionable under the FELA, there must be some proof that 1) the injury sustained by the plaintiff was reasonably foreseeable, and 2) the negligence of the defendant was a cause of this injury. *Green,* 763 F.2d at 808. To defeat the grant of summary judgment, Gibbons must present evidence to plausibly support these two conditions with respect to both [*7] the companion rider and non-functioning radio claims. Gibbons has failed to satisfy this burden.

A. Companion rider claim.

Gibbons first alleges that CSX negligently caused his injuries by sending him to deliver supplies over 80 miles from the Dearborn yard, without a companion driver. The district court found that the assault was not reasonably foreseeable, thus barring the plaintiff's action under the FELA.

In *Green,* 763 F.2d at 808, we held that foreseeability is not dependent upon the employer envisioning the exact injury which the plaintiff sustains. Rather, the employer must only anticipate that *some* injury was possible. *Id.* However, with respect to assaults by third parties a stricter standard has been adopted. Courts have determined that an employer "should [not] be held liable for an unforeseeable assault by a third person, when not provided with any notice or knowledge of the likelihood of such attack, and [where] the working area was not con-

ducive to any unusual risk of assault." *Herold v. Burlington Northern, Inc.,* 342 F. Supp. 862, 864 (D. Minn. 1972). "A railroad has no liability for an assault by [*8] one employee upon another in the absence of notice of the assaulter's 'vicious propensities' or where the working area is 'not conducive to any unusual risk of assault.'" *Green,* 763 F.2d at 808-09.

Gibbons asserts that the affidavits of three individuals (Richard Tackett, a CSX employee and Plaintiff's union leader, James LaClear, Chief of Police for the City of Williamston, and Michael Donohue, Plaintiff's supervisor), support the proposition that the assault was foreseeable. This argument is without merit.

At most, the referenced testimony indicates that potential danger existed when working alone due to the strenuous physical nature of the job. Further, testimony regarding criminal activity in the area surrounding the Corwin Road crossing indicated no more than that property crimes had previously occurred in the area. This evidence was insufficient to satisfy the standard we adopted in *Green.* Absent evidence that the Corwin Road area was conducive to an unusual risk of assault, and that CSX had notice or knowledge of the likelihood of such attack, Plaintiff has failed to satisfy his burden. Thus, summary judgment was properly granted to the defendant [*9] on the companion rider claim, due to Gibbons' inability to prove the foreseeability of his injuries.

B. Non-functioning radio claim.

Plaintiff further alleges that the lower court erred in finding that CSX's failure to provide him with a functioning radio did not constitute negligence, actionable under the FELA. To be liable under the FELA, an employer must not only foresee a potential injury, but also, the employer's actions must be a cause of the injury sustained by the employee.

The district court found that summary judgment was appropriate because Gibbons failed to offer evidence of causation with respect to the non-functioning radio claim. However, Gibbons does not remedy this defect on appeal. In his deposition Gibbons admitted that his assault would not have been prevented even if the radio had been working.

Q. Well, since it happened, is there something that you feel should have been done?

A. Like I said, someone should have been with me and that radio could have been working till I could at least maybe got [sic] a hold of somebody for help, something.

Q. Well, the working of the radio would not have prevented this attack?

A. *It wouldn't have prevented it,* but [*10] it sure help [sic] me from driving all the way back to Dearborn. Maybe somebody worked in the area knew where the nearest hospital was.

J.A. at 583-84 (emphasis added). In the absence of any other evidence supporting his allegations, Gibbons' admission not only undercuts his ability to prove causation, but also mandates a conclusion that the non-functioning radio was not a cause of the attack. [1] Consequently, summary judgment was appropriately granted to the defendant on this claim as well.

1   The grant of summary judgment is further supported on both the radio and companion rider claims in light of an accident report that Plaintiff submitted wherein he admits that he did indeed have a safe place to work. Plaintiff alleges that this admission should not be relied upon to support the grant of summary judgment to Defendant because Plaintiff was still upset by the accident at the time that the statement was made. However, the validity of this admission, made contemporaneously to the assault, is bolstered by Plaintiff's statement during his deposition that the information contained in the accident report was "all true." J.A. at 492. Plaintiff did not address the fact that this subsequent confirmation of the statement's accuracy was made over six months after the assault.

[*11] IV.

For the foregoing reasons, we affirm the district court's grant of summary judgment to the defendant.