LEXSEE


Analysis
As of: Aug 07, 2008

Jason R. Haas, Plaintiff-Appellant, v. Delaware and Hudson Railway Company, doing business as CP Rail System, Defendant-Appellee.

No. 07-1198-cv

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

2008 U.S. App. LEXIS 13417

June 24, 2008, Decided

**NOTICE:** PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** *Haas v. Del. & Hudson Ry. Co., 2007 U.S. Dist. LEXIS 16665 (N.D.N.Y, Mar. 8, 2007)*

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellant employee sought review of a decision of the U.S. District Court for the Northern District of New York, which granted summary judgment in favor of appellee employer in the employee's suit under the Federal Employers' Liability Act (FELA), *45 U.S.C.S. §§ 51-60*, based on injuries he incurred to his shoulder while operating a rail switch.

**OVERVIEW:** The district court struck a late-filed affidavit provided by the employee and held that the record did not show that the switch was defective or that the employer knew or should have known about a defect. On appeal, the court found that because the employee failed to identify the affiant as a fact witness or timely amend his discovery answers to interrogatories regarding this affiant, there was no abuse of discretion in rejecting the affidavit. Consideration of the late-produced affidavit would have significantly prejudiced the employer, and the employee did not offer an adequate explanation for the untimely disclosure. In addition, the court agreed with the district court that the employee failed to submit evidence sufficient to provide a reasonable basis for a jury to find in his favor under the FELA. In particular, the record showed that the switch was recently inspected and oiled. There was no evidence that the employer failed to exercise reasonable care to protect its employees from even a remote risk of injury from an under-oiled switch. The employee's vague evidence regarding a defect did not show that the employer knew or should have known about a problem with the switch.

**OUTCOME:** The court affirmed the district court's decision.

**LexisNexis(R) Headnotes**

*Civil Procedure > Discovery > Methods > Interrogatories > General Overview*
[HN1] A party is obligated under *Fed. R. Civ. P. 26(e)* seasonably to amend a prior response to an interrogatory if he learns that a response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. *Fed. R. Civ. P. 26(e)(2)*.

*Civil Procedure > Discovery > Disclosures > General Overview*
*Civil Procedure > Discovery > Disclosures > Sanctions*
*Civil Procedure > Discovery > Misconduct*
[HN2] Under Fed. R. Civ. P., a party that without substantial justification fails to disclose information required by *Fed. R. Civ. P. 26(a)* or *26(e)(1)*, or to amend a prior response to discovery as required by *Rule 26(e)(2)*, is not, unless such failure is harmless, permitted to use as

evidence on a motion any witness or information not so disclosed. *Fed. R. Civ. P. 37(c)(1)*.

*Civil Procedure > Discovery > Disclosures > General Overview*
*Civil Procedure > Discovery > Disclosures > Sanctions*
*Civil Procedure > Discovery > Misconduct*
*Civil Procedure > Appeals > Standards of Review > Abuse of Discretion*

[HN3] An appellate court reviews a district court's exclusion of evidence under *Fed. R. Civ. P. 37(c)(1)* for abuse of discretion. In determining whether the district court acted within its discretion, an appellate court considers (1) a party's explanation for the failure to comply with a disclosure requirement; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance. The purpose of the rule is to prevent the practice of "sandbagging" an opposing party with new evidence. Although a bad-faith' violation of *Fed. R. Civ. P. 26* is not required in order to exclude evidence pursuant to *Fed. R. Civ. P. 37*, it can be taken into account as part of the party's explanation for its failure to comply.

*Civil Procedure > Summary Judgment > Appellate Review > Standards of Review*

[HN4] An appellate court reviews de novo a district court's decision to grant a motion for summary judgment.

*Torts > Transportation Torts > Rail Transportation > Federal Employers' Liability Act*
*Workers' Compensation & SSDI > Remedies Under Other Laws > Federal Employers' Liability Act*

[HN5] The Federal Employers' Liability Act (FELA), *45 U.S.C.S. §§ 51-60*, is not a strict liability statute, and the fact that an employee is injured is not proof of negligence. However, a relaxed standard of negligence applies in FELA cases. An employer breaches its duty under FELA if it knew or should have known of a potential hazard in the workplace, and yet failed to exercise reasonable care to inform and protect its employees. The test is whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury. Moreover, an employer may be held liable under FELA for risks that would be too remote to support liability under common law. Reasonable care is determined in light of whether or not a particular danger was foreseeable. The essential element of reasonable foreseeability in FELA actions requires proof of actual or constructive notice to the employer of the defective condition that caused the injury.

*Civil Procedure > Summary Judgment > Burdens of Production & Proof > Implausible Claims*
*Governments > Legislation > Interpretation*
*Torts > Transportation Torts > Rail Transportation > Federal Employers' Liability Act*
*Workers' Compensation & SSDI > Remedies Under Other Laws > Federal Employers' Liability Act*

[HN6] In cases arising under the Federal Employers' Liability Act, *45 U.S.C.S. §§ 51-60*, the right of the jury to pass on factual issues must be liberally construed. A case must not be dismissed at the summary judgment phase unless there is absolutely no reasonable basis for a jury to find for the plaintiff.

**COUNSEL:** [*1] For Plaintiff-Appellant: GERARD J. MARTILLOTTI, Davis & Martillotti, P.C., Philadelphia, PA.

For Defendant-Appellee: SCOTT A. BARBOUR, McNamee, Lochner, Titus & Williams, P.C., Albany, NY.

**JUDGES:** PRESENT: HON. CHESTER J. STRAUB, HON. REENA RAGGI, Circuit Judges, HON. WILLIAM K. SESSIONS III,* District Judge.

   * The Honorable William K. Sessions III, Chief Judge, United States District Court for the District of Vermont, sitting by designation.

**OPINION**

**SUMMARY ORDER**

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Jason Haas appeals from a judgment entered in the Northern District of New York (Lawrence E. Kahn, *Judge*) granting summary judgment to Defendant-Appellee Delaware & Hudson Railway Company, Inc. ("D&H").

Haas, a D&H employee, brought suit under the Federal Employers' Liability Act ("FELA"), *45 U.S.C. §§ 51-60*, alleging that he injured his shoulder operating a rail switch on May 1, 2004. In granting D&H's motion for summary judgment, the District Court struck the affidavit of Gary Sheehan for reasons discussed below, and held that the record did not include evidence suggesting that the switch [*2] "was defective in any way when [Haas] injured his shoulder." See *Haas v. Del. & Hudson Ry. Co.*, No. 04 Civ. 1503, 2007 U.S. Dist. LEXIS 16665,

*2007 WL 766324, at \*2-5 (N.D.N.Y. Mar. 8, 2007).* The District Court further held that Haas had failed to submit any evidence, "other than his own vague recollections, that suggests that D&H knew or should have known about a defect in the [s]witch." *2007 U.S. Dist. LEXIS 16665, [WL] at \*6.* We assume the parties' familiarity with the facts, procedural history, and issues on appeal. For the reasons that follow, we affirm the judgment of the District Court.

### The Sheehan Affidavit

In his opposition to D&H's motion for summary judgment, Haas submitted an affidavit by Gary Sheehan. Sheehan attests that he "tagged the [switch] for repair on 2-3 occasions [between March 15 and May 1, 2004] since it was very hard to throw in one direction" and that the problem was reported to D&H.

We find that the District Court did not exceed its allowable discretion in granting D&H's motion to preclude consideration of the Sheehan affidavit pursuant to *Fed. R. Civ. P. 37(c)(1)*. See *Haas, 2007 U.S. Dist. LEXIS 16665, 2007 WL 766324, at \*2-3.* During discovery, D&H served interrogatories asking Haas whether Haas had actual or constructive notice of the allegedly [\*3] negligent condition and to identify any witnesses he intended to call at trial to testify about notice. Haas answered these requests by referring to his complaint, which did not allege any facts regarding notice, by generally asserting that D&H knew or should have known of the alleged defect, and by stating that the switch "may also have been the subject of complaints by other workers." D&H also asked Haas to identify anyone who, though not a witness to his accident, "has knowledge of it." Haas concedes that he failed to identify Sheehan as a fact witness and failed to amend his answers to D&H's interrogatories.

Haas argues that his failure to appreciate Sheehan's significance until D&H moved for summary judgment was "not intentional." Rather, Haas explains that he obtained the Sheehan affidavit in response to D&H's motion for summary judgment as part of "a final attempt to uncover any pre-accident information regarding the [switch] given the lack of evidence of prior problems with the switch[] provided in discovery." (Haas points out that he mentioned Sheehan in the course of his deposition, but these references neither suggest in any way that Sheehan has information relevant to Haas's [\*4] accident nor serve to amend his responses.)

[HN1] Haas was obligated under *Rule 26(e)* "seasonably to amend a prior response to an interrogatory . . . if [he] learn[ed] that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Fed. R. Civ. P. 26(e)(2)* (2006). [1][HN2] Under *Rule 37*, "[a] party that without substantial justification fails to disclose information required by *Rule 26(a)* or *26(e)(1)*, or to amend a prior response to discovery as required by *Rule 26(e)(2)*, is not, unless such failure is harmless, permitted to use as evidence . . . on a motion any witness or information not so disclosed." *Fed. R. Civ. P. 37(c)(1)* (2006). [2]

  1 *Rule 26(e)* was amended in 2007 "as part of the general restyling of the Civil Rules," with such changes "intended to be stylistic only." *Fed. R. Civ. P. 26* advisory committee's note.
  2 *Rule 37(c)* was similarly amended in 2007. See *Fed. R. Civ. P. 37* advisory committee's note.

The District Court found that Haas failed to offer any justification for his delay, that Sheehan's affidavit provided evidence "directly relevant [\*5] to the issue of whether D&H had notice of any defect and was negligent in correcting such a problem," that Haas's failure to previously disclose this information "cannot be considered harmless," and that consideration of the affidavit, which "D&H has not been allowed to examine and challenge, would significantly prejudice D&H." *Haas, 2007 U.S. Dist. LEXIS 16665, 2007 WL 766324, at \*3.*

[HN3] We review the District Court's exclusion of evidence under *Rule 37(c)(1)* for abuse of discretion. *Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006).* "In determining whether the district court acted within its discretion, this Court considers (1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Id.* (internal quotation marks omitted) (alteration in original). "The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Ebewo v. Martinez, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004).* "[A]lthough a 'bad-faith' violation of . . . *Rule 26* is not [\*6] required in order to exclude evidence pursuant to *Rule 37*, it can be taken into account as part of the party's explanation for its failure to comply." *Design Strategy, Inc. v. Davis, 469 F.3d 284, 296 (2d Cir. 2006).*

Plaintiff's counsel does not explain why he failed to identify Sheehan as a potential witness with information pertaining to notice before D&H filed its motion. He merely claims that his failure to do so was an unintentional oversight due to his lack of appreciation of Sheehan's knowledge about the switch. This does not explain why he waited until after the yearlong discovery phase had ended and after the filing of D&H's motion for summary judgment to seek evidence dating from the

time of Haas's injury from the union representative. Although the late discovery of Sheehan's information was apparently due to plaintiff's counsel's neglect and not "bad faith," bad faith is not required and counsel has offered no adequate explanation for this untimely disclosure.

Contrary to D&H's argument, however, Sheehan's affidavit provides evidence of obvious importance for Haas's claim, a factor weighing in favor of Haas here. *See Design Strategy, 469 F.3d at 296-97*.

Haas argues that D&H [*7] would not be prejudiced by the inclusion of the Sheehan affidavit because D&H failed to disclose to him the information related in the affidavit and because D&H undertook an investigation when the switch broke two weeks after Haas's injury. Haas's claim that D&H itself committed discovery violations lacks support and comes only at this late juncture. That D&H was allegedly familiar with the switch problems identified by Sheehan does not diminish the prejudice caused by waiting until after the close of discovery and, moreover, after D&H had prepared and filed its motion for summary judgment.

Although a continuance would have mitigated somewhat the prejudice to D&H, and, as Haas argues, it would not have been a particularly lengthy or difficult process for D&H to question Sheehan and investigate his assertions, there is no indication that plaintiff's counsel even offered to reopen discovery. *See Wolak v. Spucci, 217 F.3d 157, 161 (2d Cir. 2000)* ("A delay of the trial might have cured that prejudice, but, at oral argument, plaintiff's counsel conceded there was no request for an adjournment.").

Under the circumstances, we conclude that the District Court did not exceed its allowable discretion [*8] in striking the Sheehan affidavit.

**Summary Judgment for D&H Under FELA**

We further conclude that the District Court properly held that Haas failed to submit evidence sufficient to provide a reasonable basis for a jury to find for him.

[HN4] "We review *de novo* a district court's decision to grant a motion for summary judgment." *Tufariello v. Long Island R.R. Co., 458 F.3d 80, 85 (2d Cir. 2006)*. [HN5] "FELA is not a strict liability statute, and the fact that an employee is injured is not proof of negligence. However, . . . a relaxed standard of negligence applies in FELA cases in this Circuit." *Williams v. Long Island R.R. Co., 196 F.3d 402, 406 (2d Cir. 1999)* (citations omitted). "[A]n employer breaches its duty under FELA if it knew or should have known of a potential hazard in the workplace, and yet failed to exercise reasonable care to inform and protect its employees. The test is whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury. Moreover, an employer may be held liable under FELA for risks that would be too remote to support liability under common law . . . ." *Id. at 406-07* (citations and internal quotation [*9] marks omitted). "Reasonable care is determined in light of whether or not a particular danger was foreseeable." *Syverson v. Consol. Rail Corp., 19 F.3d 824, 826 (2d Cir. 1994)*. "[T]he essential element of reasonable foreseeability in FELA actions requires proof of actual or constructive notice to the employer of the defective condition that caused the injury." *Sinclair v. Long Island R.R., 985 F.2d 74, 77 (2d Cir. 1993)* (citation omitted).

[HN6] In cases arising under FELA, "the right of the jury to pass on factual issues must be liberally construed." *Williams, 196 F.3d at 407* (internal quotation marks omitted). "[T]he case must not be dismissed at the summary judgment phase unless there is absolutely no reasonable basis for a jury to find for the plaintiff." *Syverson, 19 F.3d at 828*.

The evidence in the record, construed in the light most favorable to Haas, is as follows. The switches at the railyard are oiled weekly and inspected monthly. Paul Spisak, track foreman, inspected the switches in 2004 and testified that a switch may become too difficult to throw — a standard that is hard to articulate — for many reasons, including "if it's not oiled." Just four days before Haas's incident, the [*10] switch at issue was inspected and found to be defect free, as it had been in prior monthly inspections. Haas notes that Spisak testified that switches might be reported as difficult within even a day of an inspection finding everything in order. Spisak's testimony, however, was only that workers might complain within a day of an inspection because they have to throw switches several times and "that can get to you," not that a switch might become defective within a day of having been found in fine condition.

On May 1, 2004, before Haas threw the switch, he checked it for obstructions and found none. When Haas threw the switch, he noticed it was difficult to throw and, as he told a coworker, assumed that it needed oil. Haas also testified that later that day he threw the switch again using his other arm and, aware now that it would be difficult to throw, threw it without incident. William Farley, the terminal coordinator, testified that on May 3, 2004, when Haas informed him of his injury, he went and inspected the switch, found nothing unusual, and threw it without difficulty.

To prove D&H had notice of the alleged problem with the switch, Haas testified that he believed he might have [*11] glanced at an office chalkboard and seen something written there about the switch, further noting that crew members complain about anything outside their

normal routine. Haas also testified that he had heard other workers "mention[] something" about the switch but he had "figured, you know, they're old."

Although the negligence standard under FELA is relaxed, we cannot say that this record justifies with reason the conclusion that employer negligence played any part, however slight, in injuring Haas. That Haas found the switch difficult to throw does not provide a reasonable basis for a jury to find that D&H breached its duty to provide him with a safe workplace. D&H is not obligated to provide a workplace free of difficulty. Haas contends that the switch needed oil. The record reflects, however, that the switch was oiled weekly and was in fine condition four days before the incident and two days after it. The record further reflects that the switch was not dangerously difficult when Haas threw it the other way after his incident. The record is devoid of any evidence that D&H failed to exercise reasonable care to protect its employees from even a remote risk of injury from an under-oiled [*12] switch.

In addition, as stated above, FELA liability "requires proof of actual or constructive notice to the employer of the defective condition that caused the injury." *Sinclair, 985 F.2d at 77*. As the District Court held, the vague evidence offered by Haas on this element is insufficient to reasonably justify a conclusion that D&H knew or should have known about a problem with the switch. *See Higgins v. Metro-North R.R. Co., 318 F.3d 422, 427 (2d Cir. 2003)* ("Because Higgins has not demonstrated that Metro-North was aware of any particular threat posed by Militano, Higgins cannot prove that the railroad was negligent with respect to its supervision of him."); *O'Hara v. Long Island R.R. Co., 665 F.2d 8, 9 (2d Cir. 1981)* (per curiam) (insufficient evidence for a jury to find for plaintiff when plaintiff "furnished no evidence that the Railroad had notice of the defect in the tiles" allegedly causing him to trip and fall); *cf. Gadsden v. Port Auth. Trans-Hudson Corp., 140 F.3d 207, 209 (2d Cir. 1998)* ("This is not a case of a hidden defect; a jury could find that PATH had actual or constructive knowledge of the location of the handholds and footboards that are in plain view on the vehicles [*13] which PATH's employees were expected to pilot along PATH's tracks."); *Sinclair, 985 F.2d at 77* (holding that notice question must be submitted to jury because evidence of visibly defective condition could support inference "that the condition had existed long enough to impart constructive, if not actual, notice of the defect").

We have considered all of Haas's arguments and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.