34 of 77 DOCUMENTS

IKEM OKEKE, Plaintiff, -v- THE LONG ISLAND RAILROAD COMPANY, Defendant. THE LONG ISLAND RAILROAD COMPANY Plaintiff, -v- AKLAM MCGEE and HAERA SHIN, Third-Party Defendants.

03 CIV. 6343 (DLC)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2004 U.S. Dist. LEXIS 18676

September 20, 2004, Decided
September 21, 2004, Filed

**DISPOSITION:** Defendant's motion for summary judgment granted.

**COUNSEL:** [*1] For Plaintiff: Jesse C. Sable Sable & Gold, New York, New York

For Defendant: William J. Blumenschein, Long Island Railroad Law Department, Jamaica, New York.

**JUDGES:** DENISE COTE, United States District Judge.

**OPINION BY:** DENISE COTE, District Judge

**OPINION**

*MEMORANDUM OPINION and ORDER*

On August 22, 2003, Ikem Okeke ("Okeke"), a train conductor, filed this action against the Long Island Railroad Company (the "LIRR") pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51, *et seq.* ("FELA"). Okeke seeks damages for injuries he suffered when he was assaulted by unruly passengers while on duty, alleging that the LIRR's failure to maintain safe working conditions contributed to the incident.

The LIRR has filed third-party complaints against the two individuals involved in the incident, Aklam McGee ("McGee") and Haera Shin ("Shin"), and both have answered. They have not been otherwise involved in this litigation. Following the close of discovery, the LIRR moved for summary judgment on the ground that Okeke failed to establish any negligence on the part of his employer.

*Background*

The following facts are undisputed or are taken in the light most favorable [*2] to the plaintiff. On August 25, 2000, Okeke was the conductor on a train running from Pennsylvania Station to Port Washington. He asserts that when he attempted to collect train fare from a teenage couple, they began to argue and became unruly. Okeke told them to get off the train at the next station. After the couple exited the train, Shin punched Okeke through the conductor's window and McGee spit in Okeke's face. Okeke dropped his keys on the platform and was forced to exit the train to retrieve them. On the platform, Okeke was assaulted by the couple. An off-duty police officer who came to his aid was also assaulted, and additional police officers were summoned to the scene. Okeke sustained a knee injury that required arthroscopic surgery and ongoing care, and missed eighty days of work.

*Discussion*

FELA is "a broad remedial statute whose objective is to provide a federal remedy for railroad workers who suffer personal injuries as a result of the negligence of their employer" and is to be "liberally construed" to achieve that objective. *Greene v. Long Island Railroad Co.*, 280 F.3d 224, 229 (2d Cir. 2003) (citation omitted). A relaxed standard for negligence [*3] and causation applies to cases brought pursuant to FELA. *Williams v. Long Island Railroad Co.*, 196 F.3d 402, 406 (2d Cir. 1999); *see also Nelson v. Metro-North Commuter Railroad*, 235 F.3d 101, 106 (2d Cir. 2000). "An employer breaches its duty under FELA if it knew or should have known of a potential hazard in the workplace, and yet failed to exercise reasonable care to inform and protect its employees." *Williams*, 196 F.3d at 406 (citation omitted). The test is whether the evidence supports "the con-

clusion that employer negligence played any part, even the slightest, in producing the injury." *Id.* at 406-07 (citation omitted).

The plaintiff has offered no evidence that the LIRR knew or should have known prior to August 25, 2000, that Okeke was at risk of assault from passengers on the train running between Pennsylvania Station and Port Washington. Plaintiff's only exhibit in opposition to the LIRR's motion is a print-out from an internet site listing Bureau of Transportation statistics, including aggravated assault on commuter rails for the year 2000. These statistics, which appear national in scope, do not provide [*4] evidence that the LIRR was or should have been aware that Okeke was at risk. Plaintiff also argues that a 2002 amendment to the New York Penal Law classifying intentional injury to a train conductor as second-degree assault, N.Y. Penal Law § 120.05(11), evidences that the LIRR was or should have been aware that Okeke was in danger. The plaintiff has not shown that this amendment, passed two years after Okeke's injury, is relevant to the issue in this action.[1] Even under the liberal standard applied to FELA actions, Okeke has failed to raise an issue of fact as to the LIRR's negligence.[2]

[1] The plaintiff also refers to 2003 amendment to the New York Penal Law and to a statement by the New York State Legislature, for which no citation is provided, that "Each year, transit authorities throughout New York State transport passengers safely to their destinations. Unfortunately, there are an overwhelming number of transit workers who are assaulted while on the job." This comment appears to have been made three years after Okeke's assault. Plaintiff's counsel's statement that he represents two LIRR employees in addition to Okeke who have been assaulted while on duty is similarly unhelpful, as both were allegedly injured in 2003.

[*5]

[2] The two cases cited by the plaintiff are inapposite. In both *Syverson v. Consolidated Rail Corp.*, 19 F.3d 824, 827 (2d Cir. 1994), and *Burns v. Penn Central Co.*, 519 F.2d 512, 513 (2d Cir. 1975), the defendants knew or should have known of prior incidents or conditions specific to the location of the attack that suggested a risk of harm to employees.

*Conclusion*

The defendant's motion for summary judgment is granted. The Clerk of Court shall enter judgment for the LIRR and shall close the case.

SO ORDERED :

Dated: September 20, 2004

New York, New York

DENISE COTE

United States District Judge